IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FLT DOUGLAS EQUITY, LLC,

    Plaintiff,

v.

TALOS HOLDINGS, LLC, AND
JACQUES BAZINET,

    Defendants.

Case No. 18-2669-DDC-KGG

## MEMORANDUM AND ORDER

This matter comes before the court on defendants Talos Holdings, LLC, ("Talos") and Jacques Bazinet's Motion to Dismiss. Doc. 14. Plaintiff has filed a Memorandum in Opposition. Doc. 17. For reasons explained below, the court grants plaintiff's request to amend its Complaint, *see* Doc. 17 at 3, and denies defendants' Motion to Dismiss as moot.

**I.    Background**

Plaintiff filed a Complaint alleging various state law claims, invoking 28 U.S.C. § 1332 as the basis for the court's exercise of subject matter jurisdiction over its claims. Plaintiff alleges that the suit "involves citizens of different states" and an amount in controversy exceeding $75,000. *Id.* at 2. Plaintiff identifies itself as a limited liability company "organized and existing under Delaware law" with a registered agent also located in Delaware. *Id.* Plaintiff also identifies defendant Talos as an Arizona limited liability company with a registered agent in Arizona and defendant Bazinet as a citizen of Utah.

Defendants have filed a Motion to Dismiss. Doc. 14. Their motion makes a facial attack on the jurisdictional allegations made in the Complaint. Specifically, defendants assert that plaintiff, a limited liability company, was required to allege the citizenship of its own members

and the citizenship of members of defendant Talos, also a limited liability company. Doc. 15 at 3–4 (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185 (1990)). But, defendants argue, plaintiff has failed to bear its burden of alleging the citizenship of the two LLCs' members and thus hasn't pleaded complete diversity.

Plaintiff responds, asserting that it

> need not affirmatively allege the citizenship of each member of a defendant LLC if it is unable to do so after a reasonable investigation. If the plaintiff is able to allege in good faith that the LLC's members are not citizens of its state of citizenship, its complaint will survive a facial challenge.

Doc. 17 at 2–3 (quoting *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 110 (3d Cir. 2015)). Plaintiff contends that its Complaint satisfies this standard. Alternatively, plaintiff seeks leave to amend any pleading deficiencies that the court identifies.

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(1) "allows a court to dismiss a complaint for lack of subject matter jurisdiction." *Pueblo of Jemez v. United States*, 790 F.3d. 1143, 1151 (10th Cir. 2015) (citing *Becker v. Ute Indian Tribe of the Unitah & Ouray Reservation*, 770 F.3d 944, 946 (10th Cir. 2014)). "'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Id.* (quoting *Gunn v. Minton*, 568 U.S. 251, 256 (2013)) (further citation omitted). As such, "[f]ederal subject matter jurisdiction is elemental . . . and its presence must be established in every cause under review in the federal courts." *Id.* (quoting *Firstenberg v. City of Santa Fe*, 696 F.3d 1018, 1022 (10th Cir. 2012)).

A facial attack to subject matter jurisdiction "questions the sufficiency of the complaint." *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995) (citation omitted). A factual attack "challenge[s] the facts upon which subject matter jurisdiction depends." *Id.* at 1003. Here, defendants present a facial attack because, they assert, they question the sufficiency of the

2

Complaint's jurisdictional allegations. When called to resolve a facial attack, a federal court "must accept the allegations in the complaint as true." *Id.* But, when challenged, "the burden is on the party claiming jurisdiction" to establish that it exists. *Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir. 1994).

When this burden goes unsatisfied, the court must refrain from exercising subject matter jurisdiction. *Pueblo of Jemez*, 790 F.3d at 1151 ("A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." (quoting *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1016 (10th Cir. 2013))).

## III. Analysis

### A. Sufficiency of Jurisdictional Allegations

Plaintiff has invoked the court's subject matter jurisdiction under the federal diversity statute. Under that statute, 28 U.S.C. § 1332, federal jurisdiction is proper when "the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1). For diversity jurisdiction purposes, a limited liability company "takes the citizenship of all its members." *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015). Because diversity jurisdiction depends on the citizenship of "all of the members" of an unincorporated organization, *see Carden*, 494 U.S. at 195–96, where an "LLC has, as one of its members another LLC, 'the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be' to determine the citizenship of the LLC." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) (quoting *Hart v. Terminex Int'l*, 336 F.3d 541, 543 (7th Cir. 2003)). As applied to individual persons, the diversity jurisdiction analysis recognizes that, "a person is a citizen of a

state if the person is domiciled in that state." *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) (citation omitted). "And a person acquires domicile in a state when the person resides there and intends to remain there indefinitely." *Id.* (citations omitted).

In its response to defendants' Motion to Dismiss, plaintiff asserts that, "[u]pon newly discovered information the Manager and Member of defendant Talos is John K. Williams," who, plaintiff represents, is a citizen of Arizona. Doc. 17 at 2. Plaintiff also asserts that it has not ascertained whether Talos has other members despite a good faith effort. Plaintiff also asserts that its sole member is FLT Equity, LLC, but plaintiff does not provide the citizenship of FLT Equity's member or members.

Plaintiff has not filed a motion seeking leave to file an Amended Complaint containing these allegations. *See Am. Power Chassis, Inc. v. Jones*, No. 13-4134-KHV, 2017 WL 3149291, at *3 (D. Kan. July 25, 2017) (citing *Rubio ex rel. Z.R. v. Turner Unified Sch. Dist. No. 202*, 475 F. Supp. 2d 1092, 1097 n.3 (D. Kan. 2007)) (When considering a motion to dismiss under Rule 12(b)(6), the court generally "may not look beyond the four corners of the complaint."). And, the existing Complaint fails to allege the citizenship of plaintiff's members or defendant Talos's members. Nor does it allege that each of plaintiff's members is a citizen of a different state than all of Talos's members and Mr. Bazinet. The Complaint simply contains no allegations about the diversity of plaintiff and defendants. Instead, it merely offers the conclusory allegation that the court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1). Also, though plaintiff asserts its sole member is a limited liability company, it doesn't allege the citizenship of the members of that subsidiary limited liability company. As such, the court lacks sufficient information to determine whether plaintiff has alleged diversity subject matter jurisdiction properly. *See Siloam Springs Hotel, L.L.C.*, 781 F.3d at 1234 (holding that limited liability

4

companies, partnerships, and other unincorporated associations "take[] the citizenship of all [their] members" and that the court must consider the citizenship of each member when evaluating whether it may exercise diversity jurisdiction); *see also Zambelli*, 592 F.3d at 420.

### B. Leave to Amend Complaint

Under 28 U.S.C. § 1653, "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." The court thus may "permit amendment of 'incorrect statements about jurisdiction that actually exists, and not defects in the jurisdictional facts themselves.'" *Daneshvar v. Graphic Tech., Inc.*, 237 F. App'x 309, 314 (10th Cir. 2007) (quoting *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 831 (1989)). Section 1653 seeks "to avoid dismissals on technical grounds." *Daneshvar*, 237 F. App'x at 315 (quoting *Brennan v. Univ. of Kan.*, 451 F.2d 1287, 1289 (10th Cir. 1971)). In short, "[t]he danger against which a court must guard is that a party will attempt to use [Section] 1653 to retroactively create subject matter jurisdiction." *Whitmire v. Victus Ltd.*, 212 F.3d 885, 888 (5th Cir. 2000).

While plaintiff hasn't formally moved to amend under Federal Rule of Civil Procedure 15, it has requested "leave to amend any deficiencies in the Complaint . . . ." Doc. 17 at 3. The court, in its discretion and consistent with § 1653, grants plaintiff leave to amend the Complaint to cure the existing jurisdictional deficiencies. Plaintiff must file any Amended Complaint no later than **14 days after the date of this Order**. If plaintiff does not file an Amended Complaint, defendants may renew their motion, and the court will grant such a motion without delay. For as this Memorandum and Order reflects, plaintiff, in the current Complaint, has not

discharged its burden to plead subject matter jurisdiction. In light of this ruling, the court denies the current Motion to Dismiss (Doc. 14) for reasons explained in this Order.[1]

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's request to amend its Complaint is granted. Within **14 days of the date of this Order**, plaintiff must file an amended complaint to cure the existing jurisdictional deficiencies.

**IT IS FURTHER ORDERED BY THE COURT THAT** defendants' Motion to Dismiss (Doc. 14) is denied without prejudice.

**IT IS SO ORDERED.**

**Dated this 22nd day of July, 2019, at Kansas City, Kansas.**

> **s/ Daniel D. Crabtree**
> **Daniel D. Crabtree**
> **United States District Judge**

---

[1] The court need not reach plaintiff's reliance on the Third Circuit holding in *Lincoln v. Ben. Life Co.*, 800 F.3d at 110. So far, plaintiff hasn't even identified its own citizenship. Given this shortcoming, the court need not decide whether Tenth Circuit law comports with the holding by the Third Circuit in that case.